UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
**JOE HAND PROMOTIONS, INC.,** as
Broadcast Licensee of the **November 21, 2015**
**Cotto/Alvarez** Program,                                                    **COMPLAINT**

                            Plaintiff,                                 Civil Action No. 16-771

     -against-

MOHAMED MOHAMED, Individually, and as
officer, director, shareholder and/or principal of
ARABICA HOOKAH LOUNGE &
RESTAURANT INC., d/b/a ARABICA HOOKAH
LOUNGE & RESTAURANT, DIREC

and

ARABICA HOOKAH LOUNGE & RESTAURANT
INC., d/b/a ARABICA HOOKAH LOUNGE &
RESTAURANT,

                      Defendants.
------------------------------------------------------------------

Plaintiff, **JOE HAND PROMOTIONS, INC.,** (hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil

1

actions arising under the Constitution, laws, or treaties of the United States.

3.   Upon information and belief, venue is proper in this court because, <u>inter alia,</u> all defendants reside within the State of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(c)).

4. This Court has personal jurisdiction over the parties in this action.  Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of New York.  Moreover, upon information and belief, Defendants have their principal place of business within the State of New York; thus, this Court has personal jurisdiction over Defendants.

## <u>THE PARTIES</u>

5.   The plaintiff is a Pennsylvania Corporation with its principal place of business located at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053.

6.   Upon information and belief the Defendant, MOHAMED MOHAMED, resides in the State of New York.

7.   Upon information and belief the Defendant, MOHAMED MOHAMED, Individually, and as officer, director, shareholder and/or principal of ARABICA HOOKAH LOUNGE & RESTAURANT INC., d/b/a ARABICA HOOKAH LOUNGE & RESTAURANT, is doing business as ARABICA HOOKAH LOUNGE & RESTAURANT located at 4164 Victory

2

Boulevard, Staten Island, NY 10314 (hereinafter referred to as the "Establishment").

8. Upon information and belief the Defendant, MOHAMED MOHAMED, was the individual with supervisory capacity and control over the activities occurring within the Establishment on November 21, 2015.

9. Upon information and belief the Defendant, MOHAMED MOHAMED, received a financial benefit from the operations of ARABICA HOOKAH LOUNGE & RESTAURANT INC., d/b/a ARABICA HOOKAH LOUNGE & RESTAURANT, on November 21, 2015.

10. Upon information and belief, Defendant, MOHAMED MOHAMED was the individual with close control over the internal operating procedures and employment practices of ARABICA HOOKAH LOUNGE & RESTAURANT on November 21, 2015.

11. Upon information and belief, Defendant, MOHAMED MOHAMED, was present at the Establishment during the exhibition of the November 21, 2015 Cotto/Alvarez Program on November 21, 2015.

12. Upon information and belief, Defendant, MOHAMED MOHAMED and ARABICA HOOKAH LOUNGE & RESTAURANT INC., authorized the exhibition of the November 21, 2015 Cotto/Alvarez Program at the Establishment on November 21, 2015.

13. Upon information and belief, Defendants, MOHAMED MOHAMED and ARABICA HOOKAH LOUNGE & RESTAURANT INC., advertised for the exhibition of November 21, 2015 Cotto/Alvarez Program at the Establishment on and prior to November 21, 2015.

14. Upon information and belief, the Defendant, MOHAMED MOHAMED, required

3

a minimum table charge of at least $20.00 at the Establishment on November 21, 2015.

15.    Upon information and belief, Defendant, MOHAMED MOHAMED, charged increased food and hookah prices at the Establishment on November 21, 2015.

16.    Upon information and belief, Defendant, MOHAMED MOHAMED, charged a cover charge on November 21, 2015.

17.    Upon information and belief, the Establishment known as ARABICA HOOKAH LOUNGE & RESTAURANT had an occupancy of 50-100 people on November 21, 2015.

18. Upon information and belief, the Defendant, ARABICA HOOKAH LOUNGE & RESTAURANT INC., d/b/a ARABICA HOOKAH LOUNGE & RESTAURANT, is a business entity, the exact nature of which is unknown, having its principal place of business at 4164 Victory Boulevard, Staten Island, NY 10314.

19.    Upon information and belief, the defendant, ARABICA HOOKAH LOUNGE & RESTAURANT INC., is a Domestic Corporation, incorporated and licensed to do business in the State of New York.

## COUNT I

20.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "19", inclusive, as though set forth herein at length.

21.    By contract, Plaintiff was granted the right to distribute the Cotto/Alvarez program (this includes all undercard bouts and the entire television broadcast) scheduled for November 21, 2015 via closed circuit television and via encrypted satellite signal.   Said event originated

4

via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

22.   Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of New York, allowing them to publicly exhibit the Program to their patrons.

23.   Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of New York, which in turn, entered into agreements with Plaintiff to exhibit the Program to their patrons.

24.   Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

25.   Upon information and belief, the Defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing programing. Splicing an additional coaxial cable line or redirecting a wireless signal, from an adjacent residence, into a business establishment, commercial misuse of cable or satellite by registering same as a residence when it is in fact, a business or taking a lawfully obtained box or satellite receiver from a private residence and into a business. Each of

5

these methods would allow Defendants to access the Program unlawfully.   In addition, emerging technologies, such as broadband or internet broadcast as well as "slingbox" technology, which allows a consumer to literally sling programing from their personal home cable or satellite systems and into their computers, can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. While Plaintiff is unable to determine the precise manner in which Defendants obtained the Program, it is logical to conclude that Defendants must have either used an illegal satellite receiver, misrepresented their business establishment as a residence or engaged in "mirroring" by taking a legitimate receiver from their home to their business establishment in order to intercept Plaintiff's Program.

26.  47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

27.  By reason of the aforementioned conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

28.   By reason of the aforementioned Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

29.  As a result of the aforementioned Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each Defendant.

30.  Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

### COUNT II

31.  Plaintiff hereby incorporates paragraphs "1" through "19" and "21" through "25", inclusive, as though fully set forth herein.

32.  Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

33.  47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights thereto.

34.  Upon information and belief, the Defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

35.   By reason of the aforementioned conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

36.  As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages in an amount in the discretion of this Court, of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

### VI. REQUEST FOR INJUNCTIVE RELIEF

37.   Plaintiff realleges the allegations contained in the foregoing paragraphs of this

7

Complaint and incorporates such allegations as if fully set forth herein.

38.   Plaintiff further alleges that unless restrained by this Court, Defendants will continue to receive, intercept, transmit, and exhibit its programming, illegally and without authorization, in violation of 47 U.S.C. §605 and §553.

39.   The violations of 47 U.S.C. §605 and §553 set forth above have caused and will continue to cause Plaintiff irreparable harm.

40.   Plaintiff cannot practicably determine the loss of subscribers and lost revenues resulting from Defendants' unlawful conduct.  In addition to diminishing Plaintiff's revenues, Defendants' unlawful conduct injures Plaintiff's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing Plaintiff's ability to enhance its future growth and profitability.

41.   Plaintiff has no adequate remedy at law to redress the violations set forth above.

WHEREFORE, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendants granting to Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the November 21, 2015 Cotto/Alvarez Program, violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.

(b) In accordance with 47 U.S.C. §605(e)(3)(B)(I), enjoin Defendants, and Defendant corporation and establishment, their owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with

any of them from (i) interfering with Plaintiff's proprietary rights; (ii) intercepting, receiving, divulging, or displaying Plaintiff's Satellite Programming without prior written consent of Plaintiff; and (iii) further violations;

(c) On the first cause of action, statutory penalties in an amount in the discretion of this Court, of up to $110,000.00 as to each Defendant for their willful violation of 47 U.S.C. §605 (a); or

(d) On the second cause of action, statutory penalties in an amount in the discretion of this Court, of up to $60,000.00 as to each Defendant for their violation of 47 U.S.C. §553;

(e) That the Court award punitive damages; and

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Dated:   February 15, 2016
         Ellenville, New York

**JOE HAND PROMOTIONS, INC.**

By:  /s/Christopher J. Hufnagel
    CHRISTOPHER J. HUFNAGEL, ESQ. (CH8734)
    Attorney for Plaintiff
    LONSTEIN LAW OFFICE, P.C.
    Office and P.O. Address
    1 Terrace Hill : P.O. Box 351
    Ellenville, NY   12428
    Telephone:   (845) 647-8500
    Facsimile:    (845) 647-6277
    Email: Legal@signallaw.com
    *Our File No. JHP15-02NY-03*

-9-